**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **INTERNATIONAL UNION, UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA**, et al., </br></br> Plaintiffs, </br></br> v. </br></br> **JOHN CLARK, in his official capacity as Director of the United States Marshals Service**, et al., </br></br> Defendants. | Civil Action No. 02-1484 (GK) |

## MEMORANDUM OPINION

Plaintiffs in these consolidated cases are Court Security Officers ("CSOs") who were medically disqualified and then terminated from their positions. As described in great detail in prior opinions, the case has a long and complex factual and legal background. The present matter is before the Court on Defendant John Clark's Motion to Dismiss Plaintiffs' Amended Complaint [Case No. 05-07, Dkt. No. 21] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, Defendant's Motion to Partially Dismiss is **granted in part and denied in part.**

## I. BACKGROUND

This case was filed on January 4, 2005. The six plaintiffs are CSOs who were terminated from their employment for failure to meet certain medical requirements. The CSOs were employed by private security firms, which in turn contracted with Defendant to provide security services to federal courthouses. Another case with similar facts, legal issues, and parties had been filed in this Court on July 26, 2002. See Int'l Union, United Gov't Security Officers of America v. John Clark, No. 02-CV-1484. On January 4, 2007, the Court granted Plaintiff International Union's Motion to Consolidate the 2002 case with this case. Minute Order (Jan. 4, 2007).[1]

Before consolidation of the two cases, the six Plaintiffs in this case filed an Amended Complaint [Case No. 05-07, Dkt. No. 3] that contained allegations of discrimination against the United States Marshals Service ("USMS"), and federal contractors MVM Security Services, Inc. ("MVM") and Ares Group Incorporated ("Ares"). The contractors were direct employers of the CSOs. The six CSOs alleged they were fired because of their disabilities, and brought suit under the Fifth Amendment as well as the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and the

---

[1] That Order consolidated Case No. 05-07 into Case No. 02-1484. After Defendant filed the Motion to Dismiss in this case, the consolidation Order was entered. Parties then filed their response briefs in Case No. 02-1484.

Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. See Am. Compl. ¶¶ 34-46. Defendant Clark, Director of USMS, filed the present Motion to Dismiss ("Def.'s Mot.") the claims brought against the Marshals Service.

## II. STANDARD OF REVIEW

Defendant asks the Court to dismiss the CSOs' claims under Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction to hear his case. See Jones v. Exec. Office of President, 167 F. Supp. 2d 10, 13 (D.D.C. 2001). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all of the factual allegations set forth in the Complaint; however, such allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Wilbur v. CIA, 273 F. Supp. 2d 119, 122 (D.D.C. 2003)(citations and quotations omitted). The Court may rest its decision on the Court's own resolution of disputed facts. Id.

To survive a motion to dismiss under Rule 12(b)(6),[2] a

---

[2] The Court is aware that parties have filed additional declarations related to the issue of subject matter jurisdiction. Because this issue is governed by Rule 12(b)(1), the Court need not consider the presence of these additional declarations as "matters outside the pleadings" that would, under Rule 12(b)(6), require the Motion to Dismiss to be converted to one for summary judgment. See Fed. R. Civ. Pro. 12(d). The declarations pertain only to subject matter jurisdiction; the Federal Rules allow courts considering
(continued...)

plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs success . . . must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

**III. ANALYSIS**

Defendant Clark seeks dismissal of the claims brought by five of the six CSOs under Section 501 of the Rehabilitation Act, arguing that these five Plaintiffs failed to exhaust their

---

[2](...continued)
dismissal for lack of subject matter jurisdiction to consider matters outside the pleadings. See Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); see also Harms v. I.R.S., 146 F. Supp. 2d 1128 (D. Kan. 2001). Defendant's attachment of an opinion from another court that bears on a matter covered by Rule 12(b)(6) does not, by itself, require the Court to treat the Motion as one for summary judgment. See Nix v Fulton Lodge Int'l Assoc. of Machinists & Aerospace Workers, 452 F.2d 794, 797-98 (5th Cir. 1972); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

administrative remedies before filing this lawsuit, and therefore the Court has no subject matter jurisdiction over the dispute. Def.'s Mot. at 3. Second, Defendant takes the position that Plaintiffs, as federal employees, do not enjoy protection under Section 501 of the Rehabilitation Act and therefore the CSOs fail to state a claim upon which relief can be granted. Defendant also maintains that Plaintiffs' Fifth Amendment challenge to their termination is preempted by statute and, therefore, also fails to state a claim. Id.

**A. Defendant Is Entitled to Judgment on the Pleadings on the Section 501 Claims for the Five Plaintiffs Who Failed to Exhaust Their Administrative Remedies.**

Before proceeding to the analysis of the exhaustion issue, it is useful to frame the question by reviewing the different procedural backgrounds of the six Plaintiffs.

Parties agree that Plaintiff Calvert Harvey exhausted his remedies; parties also agree that four of the remaining Plaintiffs--James Dolnack, Herman Edwards, Gary Erickson, and Wayne Mize--failed to do so. See Def.'s Mot. at 6; Am. Compl. ¶¶ 44-46. Plaintiffs suggest in their Amended Complaint that the sixth Plaintiff, Byron Neal, failed to exhaust his administrative remedies. See Am. Compl. at ¶ 44 (alleging that "Plaintiff Neal is excused from exhausting any administrative remedies. . . ."); see also Decl. of Joann W. Grady, Oct. 11, 2006 ("Grady Decl.") (Ex. 1 to Def.'s Mot.), at ¶¶ 4-5 (noting that according to the USMS's

Office of Equal Employment Opportunity, only Harvey exhausted his remedies).

Plaintiffs allege in their complaint that Neal's failure to exhaust should be excused under the futility exception because Defendant interfered with his ability to meet the exhaustion requirements. Am. Compl. at ¶ 44. In their Opposition, Plaintiffs address Neal's failure to exhaust only with respect to his complaint against Defendant MVM. See Pls.' Opp'n at 2-3. There is no argument advanced that his administrative remedies were exhausted with respect to USMS, other than the futility objection mentioned in the Amended Complaint.

As to the four remaining CSOs who have failed to exhaust, the survival of their claims turns on separate arguments. This group of CSOs maintains that the exhaustion requirement is overcome by either the doctrine of vicarious exhaustion or of equitable estoppel. Pls.' Opp'n at 12.

### 1. The Doctrine of Vicarious Exhaustion Does Not Overcome the Statutory Jurisdictional Bar Against Considering Rehabilitation Act Claims That Have Not Been Exhausted.

Plaintiffs' efforts to circumvent the exhaustion requirement are not new; these arguments were considered and rejected in a 2006 decision issued by the Court. Int'l Union, United Gov't Security Officers of America v. John Clark, No. 02-CV-1484, 2006 WL 2598046, at *8-12 (D.D.C. Sept. 11, 2006). In earlier briefing, Defendant argued that Plaintiffs' failure to exhaust their administrative

remedies entitled him to judgment on the pleadings.  Plaintiffs responded by contending that (1) because some Plaintiffs did exhaust their remedies, the claims of those who did not exhaust should survive under the doctrine of vicarious exhaustion; and (2) because Defendant's affirmative misconduct prevented Plaintiffs from exhausting their remedies, USMS should be equitably estopped from asserting a failure-to-exhaust defense.  See id. at *8; cf. Lipscomb v. Winter, 577 F. Supp. 2d 258, 271 (D.D.C. 2008).

The Court approached the vicarious exhaustion issue in the wake of the Court of Appeals' decision in Spinelli v. Goss, 446 F.3d 159 (D.C. Cir. 2006).  That decision held that district courts in this Circuit are jurisdictionally barred from hearing Rehabilitation Act claims if plaintiffs have not exhausted their administrative remedies.  Id. at 162.  This Court held in its earlier opinion that the jurisdictional bar cannot be overcome by the doctrine of vicarious exhaustion, see Int'l Union, 2006 WL 2598046, at *8; 10 ("Plaintiffs provide no rationale for excluding vicarious exhaustion from the category of 'other exceptions' precluded by Spinelli and the Court cannot conceive of one.").  Nevertheless, a different group of CSOs now makes the same argument in response to Defendant's Motion.  See Pls.' Opp'n at 12 ("[P]laintiffs raise again the same arguments.").  For the reasons discussed in its 2006 opinion, the arguments must again fail.  The Court does not have subject-matter jurisdiction over claims made by

those Plaintiffs who failed to exhaust administrative remedies.[3]

Plaintiffs attempt to revive an equitable exception to this jurisdictional bar by citing to a recent case that bears on the issue. Relying on the Court of Appeals' decision in Harris v. Gonzales, 488 F.3d 442 (D.C. Cir. 2007), they seek to establish the general proposition that "exhaustion in discrimination cases should be subject to estoppel exceptions that are not strictly construed. . . ." Pls.' Opp'n at 13. The decision, they maintain, leaves room for the Court to allow non-exhausted claims to survive Spinelli based on equitable considerations. See id. ("[T]he [Harris] [C]ourt indicated that the doctrine of equitable relief from exhaustion of administrative remedies is still alive.").

The Court disagrees that Harris provides an end-run around the jurisdictional bar in this case. In Harris, the plaintiff was granted relief at the summary judgment stage. The regulation controlling the case required the federal agency or EEOC to extend the 45-day time limit to contact an EEOC counselor to complain of workplace discrimination where the Plaintiff had not received sufficient notice of that time limit. 488 F.3d at 443-44. The Court of Appeals ruled that whether or not that plaintiff had been

---

[3] Insofar as the CSOs in this case are raising issues that have already been decided by this Court, the claims are also barred by the doctrine of res judicata. See, e.g., Walker v. Seldman, 471 F. Supp. 2d 106, 112 (D.D.C. 2007).

-8-

provided with constructive notice of her EEOC obligations was a material fact in dispute. Id. at 446 (reversing district court's grant of summary judgment for defendant). The issue involved equitable tolling for a plaintiff who had filed an administrative complaint and may or may not have had constructive notice of EEOC time limits. Id.

The Harris decision says nothing about the limits of Spinelli, nor does it even cite the case. Harris does not create any exceptions to the jurisdictional requirement in that case. Cf. Spinelli, 446 F.3d at 162 ("[A] court may 'not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.'") (citations omitted). As a result, this Court rejects Plaintiffs' argument that Harris would justify "applying principles of vicarious exhaustion and equitable estoppel in this case." Pls.' Opp'n at 14.

### 2. Defendant Is Not Equitably Estopped From Raising an Exhaustion Defense.

Plaintiffs argue that Defendant's alleged misconduct equitably estops USMS from raising a failure to exhaust defense. See Pls.' Opp'n. at 25-30. They claim that USMS told this group of Plaintiffs that they had "no right to appeal their removal," and failed to inform Plaintiffs that "they were protected from disability discrimination . . . under Section 504" and Section 501 of the Rehabilitation Act. Id. at 28-29.

The issue of equitable estoppel was also addressed in the

Court's 2006 Memorandum Opinion. Int'l Union, 2006 WL 2598046, at *10-12. There, Plaintiffs asserted that the Defendant told medically-disqualified CSOs that their service contracts did not include an appeals process, and that the USMS failed to follow the law and notify CSOs about their internal EEOC process. Id. at *12. They argued, as they do here, that such misconduct on the part of the Defendant prevents him from invoking an exhaustion defense. Id.; Pls.' Mot. at 30-31. There is "a clear presumption in this Circuit against invoking the doctrine against government actors in any but the most extreme circumstances" Int'l Union, 2006 WL 2598046, at 12. In its 2006 opinion, the Court granted Defendant's Motion to Dismiss for failure to exhaust. See id. (finding doctrine of equitable estoppel "inapplicable on these facts").

As explained in the Court's earlier decision, the Defendant's alleged negligence and provision of erroneous information are not sufficiently "extreme" conduct to allow survival of Plaintiffs' equitable estoppel claim. See id. at *12.

**B. Because Plaintiffs Are Federal Employees Under the Rehabilitation Act, They Are Not Permitted to Bring Employment Discrimination Claims under Section 504.**

Defendant argues that Plaintiffs are barred from bringing employment discrimination claims under Section 504 because they are federal employees. See Def.'s Mot. at 7-8; see also Taylor v. Small, 350 F.3d 1286, 1289 (D.C. Cir. 2003) (holding that Section 504 does not provide relief for federal employees). In its 2006

-10-

Memorandum Opinion, the Court determined that the USMS is a joint employer of CSOs, see Int'l Union, 2006 WL 2598046, at *8; Plaintiffs admit as much in their Amended Complaint, see ¶ 29 ("[D]efendant USMS was a co-employer of Plaintiffs along with the federal contractors. . . ."). Therefore, as federal employees, Plaintiffs may not seek relief under Section 504.

Further, Plaintiffs do not respond to Defendant's argument on this point. It is a long-established policy that when a party's opposition to a motion fails to respond to arguments raised by the opposing party, a court may treat those unopposed arguments as conceded. FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997), cited with approval in Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002); see also Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002).

In this case, Defendant argues that USMS is a joint employer of the CSOs "for purposes of this case," Def.'s Mot. at 7-8, which makes Plaintiffs federal employees, and prohibits them from seeking relief under Section 504. See Small, 350 F.3d at 1289. Plaintiffs failed to counter Defendant's argument on this point. See Def.'s Mot. At 7-8. As a result, Plaintiffs are deemed to have conceded the argument, and Defendant's Motion to Dismiss is granted with respect to this claim.

**C. Plaintiffs' Constitutional Claim Is Not Preempted By Title VII.**

**1. Plaintiffs' Constitutional Claim Is Not Preempted by Title VII if It Is Not Directly Related to Their Discrimination Claims.**

Defendant argues that Plaintiffs' Fifth Amendment claim is preempted by the statutory remedies provided in Title VII. He relies on the Supreme Court's decision in <u>Brown v. General Services Administration</u>, 425 U.S. 820 (1976), which considered carefully the "balance, completeness, and structural integrity" of a provision of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-16, and concluded that it "provides the exclusive judicial remedy for claims of discrimination in federal employment," <u>Brown</u> 425 U.S. at 832, 835. Plaintiffs bring their discrimination claims under the Rehabilitation Act, which incorporates Title VII. See <u>Shirey v. Devine</u>, 670 F.2d 1188, 1191 n.7 (D.C. Cir. 1982). "[T]his circuit has repeatedly held that federal employees may not bring suit under the Constitution for employment discrimination that is actionable under Title VII." <u>Ethnic Employees of Library of Congress v. Boorstin,</u> 751 F.2d 1405, 1415 (D.C. Cir. 1985).

The <u>Brown</u> rule with respect to preemption, however, is not without its exceptions. The <u>Brown</u> decision does not mean that all non-Title VII claims are foreclosed in lawsuits that involve employment discrimination. Courts have found that employees may bring Constitutional or statutory claims for which "Title VII provides no protection at all." <u>Boorstin</u>, 751 F.2d at 1415. For

example, in McKenna v. Weinberger, 729 F.2d 783, 791 (D.C. Cir. 1984), Plaintiffs brought claims of sex discrimination and retaliation under Title VII, as well as a claim that the employer failed to follow its own procedures in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. McKenna, 729 F.2d at 785. The Court of Appeals reasoned that her APA claims raised an issue distinct from her discrimination claims. Because she complained of "arbitrary treatment" under the APA, she raised an issue "entirely independent of her discrimination claim," and for that reason the McKenna Court held that Title VII did not preclude the APA claim. Id.

Therefore, where the Constitutional or statutory claims raise issues unrelated to discrimination, Brown has no pre-emptive effect. See Rochon v. FBI, 691 F. Supp. 1548, 1555 (D.D.C. 1988) ("Accordingly, Brown stands for the proposition that Title VII preempts other remedies for discrimination in federal employment only when the federal employee is challenging action directly and singularly related to discrimination in the terms and conditions of his or her employment.") (emphasis in original). Therefore, Plaintiffs in this case may bring due process claims under the Fifth Amendment if those claims cannot be remedied under Title VII, i.e., if they do not arise out of the "same discrimination." See Paegle v. Dep't of Interior, 813 F. Supp. 61, 66 (D.D.C. 1993).

### 2. The Plaintiffs' Fifth Amendment Claim Is Not Preempted by Their Rehabilitation Act Claims.

Plaintiffs argue that their due process claim does not arise from the same discrimination alleged under their Rehabilitation Act claims, and therefore cannot be remedied under Title VII. Plaintiffs assert that their claims present different allegations, and rely on distinct underlying facts; further, the CSOs maintain that their due process claim entitles them to relief that Title VII cannot provide. Pls.' Opp'n at 10-11. Defendant counters that Plaintiffs are merely re-stating the discrimination claim in Constitutional terms, and that the due process challenge is "parasitic on and inextricably entwined with the Rehabilitation Act claim. . . ." Def. John Clark's Reply Brief in Support of His Mot. to Dismiss Brought by Neal Pls. ("Def.'s Reply") at 5 [Dkt. No. 248]. In the view of USMS, Plaintiffs' attempt to distinguish the two based on the relief sought is unsuccessful. Id. at 6-7.

Defendant says that Plaintiff complains of the same basic injury--the "loss of a job position"--under Boorstin, 751 F.2d at 1415. Def.'s Reply at 5. Defendant's position sweeps too broadly. It is possible, as McKenna demonstrates, to allege distinct injuries even though the end result for the employee is "the loss of a . . . job position."

McKenna claimed that under Title VII, she was fired as retaliation for bringing complaints of sex discrimination; she argued in addition that her employer failed to follow its own

procedures "in effecting her dismissal." See McKenna, 729 F.2d at 791. In that case, the outcome for the plaintiff was the same under her Title VII and APA claims: dismissal from her position. See id. at 785 (describing claims). Despite the ultimate outcome of the employer's actions (i.e., loss of a job position), the Court of Appeals held that the procedural claim under the APA was "not one of discrimination." Id. at 791 (emphasis in original). As a result, the APA claim was not preempted by Title VII.[4]

Both McKenna and Thorne demonstrate that resolution of the preemption issue turns on a careful examination of the claims. Based on the Amended Complaint, it is difficult to determine in this case, unlike McKenna, precisely what Plaintiffs are pleading.

As to their Fifth Amendment claim, the CSOs maintain that they had a "constitutionally-protected property interest in their employment," and they cannot be deprived of "said employment

---

[4] In a case with similar facts, the district court found that the Constitutional claims were preempted. See Thorne v. Cavazos, 744 F. Supp. 348, 351-52 (D.D.C. 1990). After agreeing with the rule set forth above--"[i]n determining whether the remedies contained in the Rehabilitation Act and the ADEA preempt plaintiff's constitutional claims, the pertinent inquiry is whether plaintiff is 'seek[ing] to redress the violation of rights guaranteed by the[se] statutes,'" id. (citation omitted)--the court addressed the claims. It found that the Constitutional claims were filed in connection with the retaliation claims; plaintiff was alleging that the way in which his employer retaliated represented a constitutional violation. In that case, the court reasoned, the plaintiff was seeking two remedies for the same retaliatory behavior, which was actionable under Title VII. Id. at 352. This was not the case in McKenna, where the plaintiff's procedural claim was independent of the retaliation claim, and centered on whether the employer followed its own regulations. See McKenna, 729 F.2d at 791. Thorne is therefore distinguishable.

without due process." Am. Compl. ¶ 36. Plaintiffs detail the changes made to the medical clearance policies and process. Id. at ¶¶ 13-17. The CSOs allege that USMS caused them to be terminated for failing to pass the physical examination, and in doing so "denied Plaintiffs their right to procedural due process as secured to them by the Fifth Amendment." Id. at ¶ 38. Deprived of due process throughout this period, Plaintiffs "suffered damages due to their resulting inability to protect themselves from the Defendant USMS' unlawful actions." Id. at ¶¶ 37-38.

Plaintiffs argue that USMS violated the Rehabilitation Act by "terminating them solely because of their disability or perceived disability regardless of whether Plaintiffs could perform the essential functions of their position." Id. at ¶ 41. The discrimination claim includes the charge that Defendant failed to accommodate Plaintiffs' disabilities or perceived disabilities. Id. at ¶ 42.

Defendant portrays the due process claim as one that virtually any federal employee could bring for termination in any context. Def.'s Reply at 7. Based on the pleadings, it cannot be said conclusively that Plaintiffs' due process claim seeks a remedy for the same basic injury as the Rehabilitation Act claim. As discussed in this Court's earlier opinion, see Int'l Union, United Gov't Security Officers of America, et al. v. Clark, 02-cv-1484, Mem. Op. at 14-15 (D.D.C. 2003), given a relatively bare-bones

pleading of a valid due process claim, "the question remains what process is due." Id. at 14 (citation omitted). Plaintiffs suggest in their Amended Complaint that the USMS was somehow deficient in providing them with procedural safeguards. (For instance, there may be a factual dispute about the extent of the procedural safeguards, and whether they were followed with respect to these Plaintiffs.) Such a claim "is plausible on its face" and therefore meets the Plaintiffs' burden under Twombly. See 550 U.S. at 570.

At this juncture, it would be premature to rule that a due process claim is preempted because it merely re-states a Title VII claim. Defendant's Motion is denied on this point.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Case No. 05-07, Dkt. No. 21] is **granted in part and denied in part.** The Section 501 claim brought by Plaintiffs Byron Neal, James Dolnack, Herman Edwards, Gary Erickson, and Wayne Mize, is dismissed for failure to exhaust administrative remedies. Each Plaintiff's employment discrimination claim under Section 504 of the Rehabilitation Act is dismissed because they are federal employees who are barred from bringing such claims--a point which Plaintiffs concede by failing to respond to Defendant's arguments. Finally, Plaintiffs do state a valid claim for denial of due process under the Fifth Amendment.

An Order will accompany this Memorandum Opinion.

April 10, 2010                    /s/
                                  Gladys Kessler
                                  United States District Judge

**Copies to**: attorneys on record via ECF